# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL RAMOS,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, F.C.I. MENDOTA,<br><br>　　　　　Respondent. | Case No.  1:23-cv-0922 JLT SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE THE CASE<br><br>(Docs. 9, 10, and 21) |

Manuel Ramos is a federal prisoner proceeding *pro se* and *in forma pauperis* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner asserts that he "earned time credits ('ETC') which, under the First Step Act, entitled him to immediate transfer into supervised release or pre-release custody, however, the BOP refuses to enable him to apply his ETC's (sic) because he has an immigration detainer." (Doc. 1 at 6.)  Respondent moves to dismiss the petition, arguing Petitioner did not exhaust his administrative remedies and that he is "jurisdictionally and statutorily barred from [First Step Act earned time credit] sentence-offsets due to the final order of removal from another federal court." (Doc. 9 at 1, 3.)  Respondent also filed the final order of removal.  (Doc. 17.)

As an initial matter, the magistrate judge observed that Petitioner lodged an amended petition after Respondent filed a motion to dismiss.  (Doc. 21 at 3, citing Doc. 10.)  The

magistrate judge found Petitioner was not entitled to amend his petition as a matter of law because the lodged petition was filed more than 21 days after the motion to dismiss. (*Id.* at 2.) In addition, the magistrate judge observed that the lodged document appeared to duplicate the initial petition. (*Id.*) Therefore, the magistrate judge recommended that to the extent the lodged petition may be construed as a motion to amend, the motion be denied. (*Id.*)

Turning to Respondent's motion to dismiss, the magistrate judge found that "the exhaustion requirement should be excused in this case due to futility because Respondent has determined that 'Petitioner is jurisdictionally and statutorily barred from FSA ETC sentence-offsets due to a final order of removal.'" (Doc. 21 at 6, quoting Doc. 9 at 3.) Nevertheless, the magistrate judge observed that a final order of removal directs Petitioner's removal from the United States and Petitioner "is ineligible to apply First Step Act earned time credits." (*Id.* at 7, 8.) Therefore, the magistrate judge found Petition "cannot obtain the relief he seeks in the petition," and recommended Respondent's motion to dismiss be granted. (*Id.* at 8.)

The Court served the Findings and Recommendations on Petitioner and notified him that any objections were due within 30 days. (Doc. 21 at 9.) The Court advised him that the "failure to file objections within the specified time may waive the right to appeal the District Court's order." (*Id.,* citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) Petitioner did not file objections, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), this Court performed a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on June 11, 2024 (Doc. 21) are **ADOPTED** in full.
2. Petitioner's lodged petition, construed as a motion to amend (Doc. 10), is **DENIED**.
3. Respondent's motion to dismiss (Doc. 9) is **GRANTED**.
4. The petition for writ of habeas corpus is **DISMISSED**.

///

5. The Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: __August 8, 2024__              _/s/ Jennifer L. Thurston_
                                                        UNITED STATES DISTRICT JUDGE